# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**HAROLD SHAWGNESSY SIMS**                                                              **PLAINTIFF**

v.                                  No: 3:16-cv-00099 JM-PSH

**KING,** *et al.*                                                                      **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Harold Shawgnessy Sims ("Sims"), an inmate at the Craighead County Detention Facility, filed a complaint pursuant to 42 U.S.C. § 1983 on April 11, 2016. He alleges that he was the victim of sexual abuse by Felecia King, an individual employed by Tiger Commissary as a cook in the Craighead County Detention Center's kitchen ("Felicia King"), and an older woman named King, another individual employed by Tiger Commissary as the manager of the Craighead County Detention Center's kitchen ("Mrs. King"). *See* Doc. 2 at 4. Sims also alleges that

Defendant Matthew Hall ("Hall") allowed the abuse to happen and did not intervene and protect Sims. *Id.*

Hall filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Sims had not exhausted claims against him before he filed this lawsuit (Doc. Nos. 60-62). Mrs. King appears to have been served (*see* Doc. No. 39), but has not answered Sims' complaint. Felicia King moved to adopt Hall's motion for summary judgment and related pleadings, and her motion was granted. *See* Doc. No. 68. Sims filed a response to Hall's statement of facts. Doc. No. 69. Hall's statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that the defendants are entitled to summary judgment as a matter of law.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its

resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Facts

In support of their motion for summary judgment and statement of facts, Hall submitted an affidavit by Keith Bowers (Doc. No. 62-1); a copy of the Craighead County Detention Center's Detainee Rules (Doc. No. 62-2); a copy of requests and grievances from Sims' jail file (Doc. No. 62-3); and a copy of Craighead County Detention Center's Grievance Procedure (Doc. No. 62-4). Although Sims filed a response to Hall's statement of facts (Doc. No. 69), he does not directly address the facts submitted by Hall but instead discusses at length other issues such as his arrest and the validity of charges filed against him. Sims indicates that the affidavit of Keith Bowers is a perjury, and that Bowers may not have found all the grievances filed by Sims. Doc. No. 69 at 10. Because Sims' response is so unclear and because he does not specifically identify or describe any grievances filed by him regarding the subject of this lawsuit, Hall's statement of undisputed facts (listed below) are deemed admitted in accordance with Local Rule 56.1(c).

1. Sims was booked into the Craighead County Detention Center ("detention center") on or about August 3, 2015, and he was released to the custody of the Arkansas Department of Corrections on February 4, 2016. Doc. No. 62-1.

2. Sims was informed during the book-in process at the detention center that he could submit written grievances to address, among other things, detention center issues. Doc. Nos. 62-1 & 62-2.

3. Craighead County Detention Center had a grievance process in place in 2015 and 2016 in which inmates could raise concerns about alleged constitutional violations, including, but not limited to, conditions of their confinement. Doc. Nos. 62-1 – 62-3.

4. Sims knew how to utilize the detention center grievance process. Doc. Nos. 62-1 & 62-3.

5. Sims submitted many grievances during his incarceration at the detention center before he filed the subject lawsuit. *Id.*

6. Sims did not submit a grievance concerning the alleged sexual abuse or Hall's failure to protect him from such abuse. *Id.*

## IV. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Hall and Felicia King argue that they are entitled to summary judgment because Sims failed to exhaust his administrative remedies as to them before he filed this lawsuit. Specifically, jail administrator Keith Bowers attests that he has reviewed the requests and grievances filed by Sims

and that Sims did not file a grievance concerning the alleged sexual assault or Hall's failure to protect Sims from such assault. Bowers indicates that the detention center had a grievance policy in place during the time frame in issue, one which Sims used on other occasions. Other than to generally accuse Bowers of lying, Sims does not refute these facts. Accordingly, there are no issues of material fact in dispute, and Defendants Felicia King and Hall are entitled to summary judgment.

Mrs. King has not answered, appeared, or adopted Hall's motion for summary judgment. However, the Court's determination that Sims did not file any grievance related to his sexual assault and failure-to-protect claims applies equally to Mrs. King. Accordingly, the Court also recommends that Sims' claims against Mrs. King be dismissed without prejudice. *See Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc.* 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "if an answering party asserts a defense on the merits that equally applies to the other defendant, the success of the defense operates as a discharge to all the defendants"); *Owens/Mitchell v. Burl*, Case No. 4:14CV00126 DPM (E.D. Ark. May 7, 2014) (unpublished opinion) (holding, in a prisoner § 1983 action, that the "non-moving Defendants" were entitled to dismissal based on a statute of limitations defense that was raised by other defendants), *aff'd without comment*, 2014 WL 1820639 (8th Cir. Sept. 29, 2014) (unpublished decision); *Universal Cooperatives Inc. v. AAC Flying Serv. Inc.*, No. 4:11-CV-304-DPM, 2012 WL 1019582, at *6 (E.D. Ark. Mar. 26, 2012) ("But [plaintiff's] claims against all the [defendants] are the same in their essentials and in their failings as a matter of law. A plaintiff may not, in these circumstances, take a default judgment against one defendant, thereby producing inconsistent judgments on identical claims."), *aff'd*, 710 F.3d 790 (8th Cir. 2013).

## V. Conclusion

Sims did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Hall's motion for summary judgment, adopted by Felicia King, should be granted, and Sims' claim(s) against Defendants be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 13th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE